UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REBECCA O'KEEFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV839MLM |
| ) | |
| CHARTER COMMUNICATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant Charter Communications, LLC's Motion for Costs [Doc. 57] and defendant Charter Communications, LLC's Motion for Costs and Attorneys' Fees Incurred in Defending Plaintiff's Lawsuit as Mandated by the Court's April 25, 2011 Order [Doc. 59]. Plaintiff has responded in opposition to each Motion. [Doc. 61 and 60 respectively].

## COSTS

On June 10, 2008 plaintiff Rebecca O'Keefe ("O'Keefe" or "Plaintiff") filed a four count Complaint alleging that Charter Communications, LLC ("Charter" or "Defendant")[1] violated the Family and Medical Leave Act ("FMLA"). The parties litigated the action pursuant to deadlines set in the court's Case Management Orders. On February 24, 2011 Charter timely filed a Motion for Summary Judgment. (Doc. 37) However, on the day her response was due, plaintiff moved to dismiss the case without prejudice. (Doc. 39-40)

---

[1] Plaintiff's original Complaint alleged that Charter Advertising of St. Louis, LLC d/b/a Charter Media previously employed plaintiff and, therefore, asserted her FMLA claim against that entity. After Charter Communications, LLC indicated that it was willing to stipulate that it, and not Charter Advertising of St. Louis, LLC d/b/a Charter Media was plaintiff's employer, plaintiff filed a First Amended Complaint making the same allegations against Charter Communications, LLC.

Charter opposed the Motion (Doc. 41) and on April 25, 2011 the court granted the Motion and imposed certain conditions if plaintiff re-filed her Amended Complaint. (Doc. 42)

On May 19, 2011 plaintiff re-filed her Amended Complaint alleging the same violations of the FMLA as she asserted in 2008 but failing to allege that Charter had *willfully* violated the FMLA. Based on plaintiff's filing of her Amended Complaint more than two years after the termination of her employment, Charter moved to dismiss plaintiff's May 19, 2011 Amended Complaint. On June 16, 2011 this court granted Charter's Motion to Dismiss Plaintiff's Amended Complaint and in the alternative, granted Charter's Motion for Summary Judgment and entered Judgment in favor of Charter Communications, LLC on plaintiff's Amended Complaint.

As the prevailing party in this action, Charter is seeking its taxable costs incurred in defending this cause of action.

> Recovery of Costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure. See 28 U.S.C. § 1920; Fed.R.Civ.P. 54(d). Section 1920 defines "expenses that a federal court may tax as a cost under the discretionary authority found in [r]ule 54(d)." Crawford Fitting Co. [v. J. T. Gibbons, Inc.], 107 S.Ct. [2494] at 2497 [(1987)]. Thus, not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case.

Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987).

Rule 54(d) of the Federal Rules of Civil Procedure states:

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules or a court order provides otherwise, costs - - other than attorney's fees - - should be allowed to the prevailing party.

28 U.S.C. § 1920 sets out the categories of costs allowed by the statute.

It is well established that Rule 54 creates a presumption that courts will award costs to the prevailing party. Cantrell v. Int'l. Brotherhood of Electrical Workers, 69 F.3d 456, 459 (10th Cir. 1995) (the burden is on the non-prevailing party to overcome the

presumption). Although the court has broad discretion in awarding costs, <u>Hiegel v. Hill</u>, 771 F.2d 358, 359 (8th Cir. 1985), this discretion "should be sparingly exercised with reference to expenses not specifically allowed by statute." <u>Farmer v. Arabian American Oil Co.</u>, 379 U.S. 227, 235 (1964).

The court finds that the costs requested by defendant fall well within the statutory requirements of §1920 in that they are fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case and fees for exemplification and copies of papers necessarily obtained for use in the case. Plaintiff's objections amount primarily to personal attacks on opposing counsel and the unreasonableness of their representation of Charter. The court will therefore award costs in the amount of $1,834.05 be taxed against plaintiff.

**<u>ATTORNEYS' FEES</u>**

As noted above, when the court granted plaintiff's Motion to Dismiss Without Prejudice, it imposed certain conditions on her re-filing,[2] to wit, in the event plaintiff re-files the Amended Complaint and in the event defendant prevails on its Motion for Summary Judgment, plaintiff shall be required to pay defendant's attorney's fees and costs through the filing of its Reply to the Motion for Summary Judgment.

Plaintiff's Memorandum in Opposition to Charter's Motion (Doc. 60) recites a litany of what she claims are "<u>very</u> extenuating circumstances" which, while unfortunate, are not relevant to whether the court should grant Charter's Motion.

---

[2] Pursuant to Fed.R.Civ.P. 41(a)(2) a court may condition voluntary dismissal upon such terms and conditions as the court deems proper, including "whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing [her] complaint without prejudice." <u>Burke v. Versa-Tags, Inc.</u>, 2009 WL 3433471, *2 (E.D.Mo. October 19, 2009).

When evaluating a claim for attorneys' fees where the *defendant* is the prevailing party, the court must take special care. A prevailing defendant "'is entitled to attorneys' fees only in very narrow circumstances'". Marquart v. Lodge 837, Int'l. Ass'n. of Machinists, 26 F.3d 842, 848 (8th Cir. 1994) (quoting Eichman v. Linden & Sons, Inc., 752 F.2d 1246, 1248 (7th Cir. 1985)). "'[A] plaintiff should not be assessed his opponent's attorney's fees'" unless the district court "'finds that his claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Hughes v. Rowe, 449 U.S. 5, 15 (1980) (*per curiam*) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). Even allegations that upon careful examination proved to be legally insufficient to require a trial they are not, for that reason alone, "groundless" or "without foundation" as required by Christiansburg. Id. at 15-16. Rather, "[s]o long as the plaintiff has 'some basis' for [his] claim, a prevailing defendant may not recover attorneys' fees." EEOC v. Kenneth Balk & Assocs., Inc., 813 F.2d 197, 198 (8th Cir. 1987) (quoting Obin v. Dist. No. 9 of the Int'l. Ass'n. of Machinists, 651 F.2d 574, 587 (8th Cir. 1981)).

In the present case, it is a close call as to whether the above criteria apply. Nevertheless, the court finds that the interest of justice demands that attorneys' fees not be awarded in this case. Therefore, the court will vacate that portion of its Order which directed that plaintiff pay attorneys' fees if she re-filed her Amended Complaint and Charter's Motion for Summary Judgment was granted. The portion of this Motion that deals with an award of costs is moot because of the court's ruling above.

Accordingly,

**IT IS HEREBY ORDERED** that Charter's Motion for Costs is **GRANTED**. (Doc. 57)

**IT IS FURTHER ORDERED** that costs in the amount of $1,834.05 be taxed against plaintiff.

**IT IS FURTHER ORDERED** that Charter's Motion for Costs and Attorneys' Fees Incurred in Defending Plaintiff's Lawsuit as Mandated by the Court's April 25, 2011 Order is DENIED as follows:

**IT IS FURTHER ORDERED** that the portion of the above Motion requesting costs is DENIED as MOOT. [Doc. 59-1]

**IT IS FURTHER ORDERED** that the portion of the above Motion requesting Attorneys' Fees is DENIED. [Doc. 59-2]

**IT IS FURTHER ORDERED** that that portion of the court's April 25, 2011 Order dealing with attorneys' fees and costs is VACATED. [Doc. 42]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  12th  day of July, 2011.